UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES M. FLINN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   No. 3:07-CV-402<br>)   (Phillips) |
| WILLIAM ANDREW CORBITT, et al.,<br>    Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights which occurred when officers arrested him on September 1, 2006. Defendants Darline Loy, Barry Pelizzari and Anderson County, Tennessee move the court to dismiss this action because it is barred by the doctrine of absolute judicial immunity. For the reasons which follow, the defendants' motion will be granted.

## Background

The facts, as taken from plaintiff's amended complaint are as follows: On February 7, 2006, an Anderson County grand jury indicted plaintiff for first degree murder. Plaintiff was arrested on the same day. He was arraigned on March 3, 2006 and released on bond. On September 1, 2006, the Anderson County judge revoked plaintiff's bond and issued a capias for failure to appear for a hearing. Plaintiff was arrested the same day and taken to the Anderson County Detention Facility. On September 13, 2006, a bail reduction

1

hearing was held and bond was set. Plaintiff was released from custody on October 27, 2006 after posting bond. Plaintiff has brought suit against defendants Darline Loy and Barry E. Pelizzari alleging unlawful arrest/false imprisonment. Defendant Loy is a deputy clerk for Anderson County, Tennessee. Defendant Pelizzari is the circuit court clerk for Anderson County, Tennessee. Plaintiff's action against Loy appears to be predicated on the issuance of "fictitious capiases, of altering capiases that have been issued pursuant to an indictment, and entering those fictitious and altered capiases into the records of defendants as if the fictitious and altered capiases are genuine." Apparently, the central issue of plaintiff's complaint is that Loy knew that a capias was issued and executed upon the plaintiff on February 7, 2006. Accordingly, Loy knew and should not have issued a capias on September 1, 2006, as the same would lead to plaintiff's arrest and imprisonment.

Similarly, plaintiff alleges Pelizzari knew that on February 7, 2008, a capias had been issued and executed on the plaintiff that same day. Again, plaintiff alleges that the September 1, 2006 capias should not have been issued and led to plaintiff's unlawful arrest and imprisonment. According to plaintiff, these allegations demonstrate that Pelizzari violated his rights by "issuing fictitious capiases, altering capiases that had been issued pursuant to an indictment, then entering those fictitious and altered capiases into the records of defendants as if the fictitious and altered capiases were genuine." Defendants Loy and Pelizzari have moved the court for judgment as a matter of law on plaintiff's claims. Plaintiff opposes the motion.

## Analysis

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Defendants Loy and Pelizzari assert that they are entitled to absolute quasi judicial immunity for their actions in this case. Absolute quasi judicial immunity "extends to those persons performing tasks integral or so intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v.*

*Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). Thus, the court clerk is immune when the activity he or she performs is integral to the judicial process. *Denman v. Leedy,* 479 F.2d 1097, 1098 (6th Cir. 1973). The court finds that defendants Loy and Pelizzari were performing acts considered judicial in nature – issuing capiases on behalf of the Criminal Court of Anderson County, Tennessee. Therefore, these defendants are entitled to absolute quasi judicial immunity.

In addition, to the extent plaintiff is alleging an action against Anderson County, Tennessee, the county is likewise entitled to summary judgment. Since the undisputed facts compel a finding that plaintiff has failed to state a claim against either Loy or Pelizzari, the county cannot be liable to the plaintiff under § 1983. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *Watkins v. City of Battle Creek,* 273 F.3d 682, 687 (6th Cir. 2001) (if no constitutional violation by the individual defendants is established, the municipal defendant cannot be held liable under § 1983). Accordingly, defendants Darline Loy, Barry Pelizzari, and Anderson County, Tennessee are entitled to judgment as a matter of law on plaintiff's claims, and they are **DISMISSED** from this action.

**IT IS SO ORDERED.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge