UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES M. FLINN, )
    Plaintiff, )
 )
v. ) No. 3:07-CV-402
 ) (Phillips)
WILLIAM ANDREW CORBITT, et al., )
    Defendants. )


## MEMORANDUM AND ORDER


Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights which occurred when officers arrested him on September 1, 2006. Defendant William Andrew Corbitt moves the court to dismiss the action against him because it is barred by the applicable statute of limitations and the doctrine of absolute immunity. For the reasons which follow, the defendant's motion will be granted.


## Background

The facts, as taken from plaintiff's amended complaint are as follows: On February 7, 2006, an Anderson County grand jury indicted plaintiff for first degree murder. Plaintiff was arrested on the same day. He was arraigned on March 3, 2006 and released on bond. On September 1, 2006, the Anderson County judge revoked plaintiff's bond and issued a capias for failure to appear for a hearing. Plaintiff was arrested the same day and taken to the Anderson County Detention Facility. On September 13, 2006, a bail reduction

1

hearing was held and bond was set. Plaintiff was released from custody on October 27, 2006 after posting bond. Plaintiff has brought suit against defendant William Andrew Corbitt alleging unlawful arrest/false imprisonment. Defendant Corbitt is a special agent with the Tennessee Bureau of Investigation, and was one of the investigating officers in plaintiff's criminal case. Plaintiff alleges that S.A. Corbitt arrested him without probable cause on September 1, 2006. Defendant Corbitt has moved the court for judgment as a matter of law on plaintiff's claims. Plaintiff opposes the motion.

## **Analysis**

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317

(1986); *White,* 909 F.2d at 943-44.  The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof.  *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Defendant Corbitt asserts that plaintiff's claims against him are barred by the applicable statute of limitations.  Further, defendant Corbitt asserts that he is entitled to absolute and/or qualified immunity for his actions in this case.

Statute of Limitations

The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run.  *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003).  Tennessee law provides for a one-year statute of limitations for § 1983 actions.  *Id., citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986).  Thus, plaintiff must bring his § 1983 unlawful arrest/false imprisonment claims within one year of the accrual of that action.  The statute of limitations begins to run at the time the claimant becomes detained pursuant to legal process.  *Wallace v. Kato,* 127 S.Ct. 1091 (2007).

Plaintiff's complaint states that he was arrested by the defendant pursuant to a capias (legal process) on September 1, 2006.  Thus, defendant avers plaintiff's unlawful arrest claim accrued on that date; therefore, plaintiff has one year from that date to file his unlawful arrest/false imprisonment claim.  Since, plaintiff's complaint was not filed

until October 26, 2007, his claims are barred by the statute of limitations and should be dismissed.

Plaintiff responds in opposition, arguing that in *Wallace*, Justice Scalia found that false imprisonment means detention without lawful process, which begins when the individual is unlawfully taken into custody; however, the statute of limitations clock does not start until the false imprisonment ends. Plaintiff contends that since he was not released from detention until October 27, 2006, the limitations clock did not start until that day and his complaint filed on October 26, 2007 is thus timely.

Plaintiff's reliance on *Wallace* to save his case is misplaced. His contention that his unlawful arrest/false imprisonment ended upon his release from custody must be rejected. In this case, plaintiff was arrested pursuant to a capias that issued as a result of Judge Blackwood's order that plaintiff be arrested. Judge Blackwood held a hearing and decided that there was cause to arrest plaintiff and thus issued the legal process that caused plaintiff's arrest on September 1, 2006. *See Wallace,* 127 S.Ct. 1091 (2007) (A false imprisonment ends once the victim becomes held pursuant to legal process). Since plaintiff did not file his complaint until October 26, 2007, more than one year later, his claim is time-barred. Alternatively, the court finds that defendant Corbitt is entitled to absolute and/or qualified immunity for the reasons which follow.

Absolute Immunity

Police officers are entitled to rely on a judicially secured warrant for immunity

from a § 1983 action for alleged search and seizure as long as the warrant does have some indicia of probable cause. *Yancy v. Carroll County, Ky.,* 876 F.2d 1238, 1243 (6th Cir. 1989); *Brittingham v. Abner*, 2005 WL 3454318 (E.D.Tenn. 2005). In cases where an officer is acting pursuant to a valid warrant and at the direction of a judge, "a plaintiff cannot show a violation of a clearly established right as required by § 1983. The act of enforcing the court order, in this case a [capias], is intrinsically associated with a judicial proceeding for which absolute immunity applies." *Id.* In this case, defendant Corbitt relied on the judge's in-court ruling and the order and capias which issued as a result. Thus, he was acting at the direction of Judge Blackwood and is entitled to absolute immunity for his actions.

### Qualified Immunity

In the alternative, even if there were a constitutional violation, defendant Corbitt is entitled to qualified immunity. In considering a claim for qualified immunity, the court must first address the threshold question of whether, taken in the light most favorable to the plaintiff, the alleged facts show the officer's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a violation could be made out taking the facts in the light most favorable to the plaintiff, then the next step is to determine whether the right was clearly established in a particularized sense, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. In cases where the claims are based on alleged Fourth Amendment violations, police officers are entitled to qualified immunity unless there was clearly no probable cause for the warrant. *Hutsell v. Sayre,* 5 F.3d 996, 1003 (6th Cir. 1993). In this case, S.A. Corbitt

5

was relying on the order from Judge Blackwood and the capias that issued as a result of the judge's order. S.A. Corbitt had probable cause to act as he did. Thus, he is entitled to qualified immunity. Accordingly, defendant William Andrew Corbitt is entitled to judgment as a matter of law on plaintiff's claims, and he is **DISMISSED** from this action.

**IT IS SO ORDERED.**

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge