UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES M. FLINN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CV-402 |
| ) | (Phillips) |
| WILLIAM ANDREW CORBITT, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights which occurred when officers arrested him on September 1, 2006. Defendants City of Rockwood, William Stinnett, City of Norris, and Gary Wood move the court to dismiss the action against them because it is barred by the applicable statute of limitations. For the reasons which follow, the defendants' motion will be granted.

### Factual Background

The facts, as taken from plaintiff's amended complaint are as follows: On February 7, 2006, an Anderson County grand jury indicted plaintiff for first degree murder. Plaintiff was arrested on the same day. He was arraigned on March 3, 2006 and released on bond. On September 1, 2006, the Anderson County judge revoked plaintiff's bond and issued an arrest warrant for failure to appear for a hearing. Plaintiff was arrested the same day and taken to the Anderson County Detention Facility. On September 13, 2006, a bail

1

reduction hearing was held and bond was set. Plaintiff was released from custody on October 27, 2006 after posting bond. Plaintiff has brought suit against defendants William Stinnett and Gary Wood alleging unlawful arrest/false imprisonment. Defendant Stinnett is the Chief of Police for the City of Rockwood, Tennessee. Specifically, plaintiff alleges that Chief Stinnett arrested him without probable cause on September 1, 2006. Defendant Wood is a police officer for the City of Norris, Tennessee. Plaintiff alleges that Officer Wood participated in the unlawful arrest on September 1, 2006. Defendants William Stinnett, the City of Rockwood, Gary Wood, and the City of Norris move the court for dismissal of plaintiff's claims. Plaintiff opposes the motion.

## **Standard of Review**

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## **Analysis**

These defendants assert that plaintiff's claims against them are barred by the applicable statute of limitations. The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for § 1983 actions. *Id, citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Thus, plaintiff must bring his § 1983 unlawful arrest/false imprisonment claims against these defendants within one year of the accrual of that action. The statute of limitations begins to run at the time the claimant becomes detained pursuant to legal process. *Wallace v. Kato,* 127 S.Ct. 1091 (2007).

Plaintiff's complaint states that he was arrested by these defendants pursuant to a capias (legal process) on September 1, 2006. Defendants aver plaintiff's unlawful arrest claim accrued on that date; therefore, plaintiff has one year from that date to file his unlawful arrest/false imprisonment claim against these defendants. Since, plaintiff's complaint was not filed until October 26, 2007, his claims are barred by the statute of limitations and should be dismissed.

3

Plaintiff responds in opposition, arguing that in *Wallace*, Justice Scalia found that false imprisonment means detention without lawful process, which begins when the individual is unlawfully taken into custody; however, the statute of limitations clock does not start until the false imprisonment ends. Plaintiff contends that since he was not released from detention until October 27, 2006, the limitations clock did not start until that day and his complaint filed on October 26, 2007 is timely.

Plaintiff's reliance on *Wallace* to save his case is misplaced. His contention that his unlawful arrest/false imprisonment ended upon his release from custody must be rejected. In this case, plaintiff was arrested pursuant to a capias that issued as a result of Judge Blackwood's order that plaintiff be arrested. Judge Blackwood held a hearing and decided that there was cause to arrest plaintiff and thus issued the legal process that caused plaintiff's arrest on September 1, 2006. *See Wallace,* 127 S.Ct. 1091 (2007) (A false imprisonment ends once the victim becomes held pursuant to legal process). Since plaintiff did not file his complaint until October 26, 2007, more than one year later, his claim is time-barred. Alternatively, the court finds that these defendants are entitled to absolute and/or qualified immunity for the reasons which follow.

<u>Absolute Immunity</u>

Police officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for alleged search and seizure as long as the warrant does have some indicia of probable cause. *Yancy v. Carroll County, Ky.,* 876 F.2d 1238, 1243 (6th Cir. 1989); *Brittingham v. Abner*, 2005 WL 3454318 (E.D.Tenn. 2005). In cases where an

officer is acting pursuant to a valid warrant and at the direction of a judge, "a plaintiff cannot show a violation of a clearly established right as required by § 1983. The act of enforcing the court order, in this case a [capias], is intrinsically associated with a judicial proceeding for which absolute immunity applies." *Id.* In this case, defendants Stinnett and Wood relied on the judge's in-court ruling and the order and capias which issued as a result. Thus, they were acting at the direction of Judge Blackwood and are entitled to absolute immunity for their actions.

<u>Qualified Immunity</u>

In the alternative, even if there were a constitutional violation, the defendants are entitled to qualified immunity. In considering a claim for qualified immunity, the court must first address the threshold question of whether, taken in the light most favorable to the plaintiff, the alleged facts show the officer's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a violation could be made out taking the facts in the light most favorable to the plaintiff, then the next step is to determine whether the right was clearly established in a particularized sense, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. In cases where the claims are based on alleged Fourth Amendment violations, police officers are entitled to qualified immunity unless there was clearly no probable cause for the warrant. *Hutsell v. Sayre,* 5 F.3d 996, 1003 (6th Cir. 1993). In this case, the officers were relying on the order from Judge Blackwood and the capias that issued as a result of the judge's order. The officers had probable cause to act as they did. Thus, they are entitled to qualified immunity.

In addition, to the extent plaintiff is alleging an action against the City of Norris and/or the City of Rockwood, Tennessee, the municipal entities are likewise entitled to summary judgment. Since the undisputed facts compel a finding that plaintiff has failed to state a claim against the officers, the municipal entities cannot be liable to the plaintiff under § 1983. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *Watkins v. City of Battle Creek,* 273 F.3d 682, 687 (6th Cir. 2001) (if no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983). Accordingly, defendants City of Rockwood, William Stinnett, City of Norris, and Gary Wood are **DISMISSED** as defendants in this action.

Plaintiff's motion to dismiss [Doc. 16] defendants' motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge