# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JAMES M. FLINN, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>WILLIAM ANDREW CORBITT, et al., )<br>　　Defendants. ) | No. 3:07-CV-402<br>(Phillips) |

## MEMORANDUM AND ORDER

　　Plaintiff has brought this *pro se* action pursuant to 42 U.S.C. § 1983 against the judge, law enforcement and court personnel, prosecutors, and a private attorney involved in plaintiff's state criminal case. Plaintiff alleges his civil rights were violated when officers arrested him on September 1, 2006. Defendant Judge John K. Blackwood was the judge presiding over that case in Anderson County Criminal court until November 2007. Judge Blackwood moves the court to dismiss the action against him because it is barred by the applicable statute of limitations; the conspiracy allegations against him are merely conclusory and fail to state a claim; the doctrine of abstention bars the request for injunctive relief in an ongoing state criminal court case; alternatively, the *Rooker-Feldman* doctrine bars this court's review of Judge Blackwood's past rulings and orders; and finally, the doctrine of absolute judicial immunity bars any claims for money damages against him individually. For the reasons which follow, defendant Blackwood's motion to dismiss will be granted.

1

**Factual Background**

The facts, as taken from plaintiff's amended complaint are as follows: On February 7, 2006, an Anderson County grand jury indicted plaintiff for first degree murder. Plaintiff was arrested on the same day. He was arraigned on March 3, 2006 and released on bond. On September 1, 2006, Judge Blackwood revoked plaintiff's bond and issued an arrest warrant for failure to appear for a hearing. Plaintiff was arrested the same day and taken to the Anderson County Detention Facility. On September 13, 2006, a bail reduction hearing was held and bond was set. Plaintiff was released from custody on October 27, 2006, after posting bond.

Plaintiff alleges that Judge Blackwood joined in a conspiracy with other defendants to revoke plaintiff's bond and to issue a capias for his arrest for failure to appear at the hearing on September 1, 2006. Plaintiff contends that Judge Blackwood and attorney Robert Vogel agreed that Mr. Vogel would not attend the hearing, and that plaintiff would not be told about it. Plaintiff further claims that various defendants conspired on the day of the hearing to increase plaintiff's bail, to issue a capias that plaintiff describes as fictitious, and to have him arrested and jailed. Plaintiff seeks injunctive relief against Judge Blackwood, asking that Judge Blackwood be removed from plaintiff's criminal case and that Judge Blackwood not be allowed to preside over any other case in which plaintiff is a party.

In support of his motion to dismiss, Judge Blackwood relies on the transcript of the September 1, 2006 hearing. At the September 1, 2006 hearing, Judge Blackwood described the past efforts to obtain legal representation for plaintiff. When one attorney

2

could no longer represent plaintiff, Judge Blackwood ordered a hearing to inquire about plaintiff's ability to hire retained counsel. Judge Blackwood determined that plaintiff was not able to hire counsel and Judge Blackwood appointed the public defender's office to represent plaintiff. About 45-60 days later, Robert Vogel advised the court that he had been hired to represent plaintiff. Judge Blackwood then relieved the public defender's office and extended deadlines so that Mr. Vogel would have time to prepare. In August 2006, plaintiff told the court that he no longer wanted Mr. Vogel to act on his behalf. Judge Blackwood set the September 1 hearing to determine plaintiff's intentions about retaining new counsel or having the court appoint counsel to represent him. Judge Blackwood's office notified plaintiff both in writing and by telephone about the hearing date and time. However, the day before the hearing, plaintiff faxed a note to Judge Blackwood's office, stating that he was would not be coming to the hearing because of transportation problems. The transcript shows that before the proceedings began, Judge Blackwood first asked the bailiff to look for plaintiff in the courthouse. Plaintiff did not respond to the bailiff's call. Judge Blackwood held that as a result of plaintiff's failure to abide with the court's instructions to attend the hearing, and "in light of the constant difficulty he seems to be experiencing cooperating with his attorneys, and the extreme seriousness of this case," the court was revoking his bond, ordering that a capias be issued for his arrest, and setting bond at $1 million.

## Analysis

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff,

accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Judge Blackwood asserts that plaintiff's claims against him are barred by the applicable statute of limitations. The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for § 1983 actions. *Id, citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Thus, plaintiff must bring his § 1983 conspiracy claim against Judge Blackwood within one year of the accrual of that action.

The original complaint filed on October 26, 2007 did not name Judge Blackwood as a defendant. On December 18, 2007, plaintiff moved to amend his complaint to include Judge Blackwood and others as defendants. Plaintiff filed his amended complaint on January 17, 2008.

The civil rights allegations against Judge Blackwood arise out of the September 1, 2006 hearing in the state court criminal case. However, plaintiff did not name Judge Blackwood as a defendant in this lawsuit until January 17, 2008, well over a year after that hearing. Thus, the statute of limitations bars this action against Judge Blackwood.

Moreover, the conspiracy allegations in plaintiff's complaint are merely conclusory and fail to state a claim against Judge Blackwood. Plaintiff alleges that Judge Blackwood joined in a conspiracy with the other defendants to revoke plaintiff's bond and to issue a capias for his arrest for failure to appear at the hearing on September 1, 2006; however, the allegations lack the requisite material facts and specificity necessary to sustain a conspiracy claim. Conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory language void of the factual allegations necessary to support a conspiracy theory").

Plaintiff contends that the hearing on September 1, 2006 reflected a conspiracy of the judge, the prosecutor, his lawyer and others. But, as the transcript of the hearing reflects, Judge Blackwood set the hearing to discuss plaintiff's rejection of his latest lawyer and to determine whether plaintiff was going to hire replacement counsel. Plaintiff was ordered to come to the hearing, but did not appear. After plaintiff failed to comply with the court's instructions to attend the hearing, and after his failure to cooperate in the defense of his case, Judge Blackwood ordered that his bond be revoked, and that he be arrested.

It is clear to the court that Judge Blackwood was acting within his judicial authority to ensure that the criminal case against plaintiff proceeded expeditiously and to enforce plaintiff's duty to cooperate in the proceedings. Accordingly, the court finds that plaintiff's complaint fails to state a claim of conspiracy against Judge Blackwood.

In addition, the doctrine of abstention bars plaintiff's request for injunctive relief in his ongoing state criminal case. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine of abstention enjoins a federal court from granting relief against a pending state criminal proceeding that implicates important state interests. *Id.* at 43-44. Moreover, the *Younger* abstention applies in federal actions where injunctive relief is sought. *Carroll v. City of Mt. Clemens,* 139 F.3d 1072, 1074 (6th Cir. 1998). The Tennessee appellate courts are fully capable of addressing any errors in the prosecution of plaintiff's criminal case that would offend his civil rights. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995).

Based on the foregoing, the court finds that the doctrine of abstention bars plaintiff's claims against Judge Blackwood.

Next, if plaintiff's amended complaint is an attempt to seek review of Judge Blackwood's past rulings and orders relating to plaintiff, the *Rooker-Feldman* doctrine bars his claims. Federal courts lack jurisdiction to review a case litigated and decided in state court. Only the United States Supreme Court has jurisdiction to change state court judgments. *Rooker v. Fidelilty Trust Co.,* 263 U.S. 413 (1923); *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *see also Gottfried v. Medical Planning Services, Inc.,* 142 F.3d 326, 330 (6th Cir. 1998); *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995).

Finally, Judge Blackwood is entitled to absolute immunity from civil liability for damages for his judicial acts. *See Bradley v. Fisher,* 80 U.S. 335, 347 (1872); *Pierson v. Ray,* 386 U.S. 547 (1967) (applying judicial immunity to § 1983 action). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Here, plaintiff has not made a showing that Judge Blackwood acted outside the scope of his judicial capacity, or that he acted in the complete absence of jurisdiction. Hence, his claims against Judge Blackwood are barred on the grounds of absolute judicial immunity.

For the reasons stated above, Judge Blackwood's motion to dismiss [Docs. 50, 70] is **GRANTED,** and Judge Blackwood is **DISMISSED** as a defendant in this action.

**IT IS SO ORDERED.**

                                        **ENTER:**

                                                       s/ Thomas W. Phillips
                                                     United States District Judge