UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES M. FLINN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM ANDREW CORBITT, et al., )<br>    Defendants. ) | No. 3:07-CV-402<br>(Phillips) |

## MEMORANDUM AND ORDER

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights which occurred when officers arrested him on September 1, 2006. Defendant Robert Vogel moves the court to dismiss the action against him because it is barred by the applicable statute of limitations. For the reasons which follow, the defendant's motion will be granted.

## Factual Background

The facts, as taken from plaintiff's amended complaint are as follows: On February 7, 2006, an Anderson County grand jury indicted plaintiff for first degree murder. Plaintiff was arrested on the same day. He was arraigned on March 3, 2006 and released on bond. On September 1, 2006, the Anderson County judge revoked plaintiff's bond and issued an arrest warrant for failure to appear for a hearing. Plaintiff was arrested the same day and taken to the Anderson County Detention Facility. On September 13, 2006, a bail

1

reduction hearing was held and bond was set.  Plaintiff was released from custody on October 27, 2006 after posting bond.  Plaintiff has brought suit against various defendants who were involved in his arrest and court proceedings alleging violation of his civil rights.  Specifically, he alleges that defendant Robert Vogel conspired with the defendant judge, prosecutors, law enforcement, and court personnel to arrest and jail him, and to deny him reasonable bail.

It appears from plaintiff's amended complaint [Doc. 60] that Mr. Vogel was retained by a third party on plaintiff's behalf.  Upon Mr. Vogel filing a notice of appearance in the case, the judge dismissed the public defender and appointed Mr. Vogel to represent plaintiff.  All allegations set forth in plaintiff's amended complaint against Mr. Vogel are alleged to have taken place between August 17, 2006 and October 6, 2006, when Mr. Vogel was allowed to withdraw as counsel for plaintiff.  The original complaint filed on October 26, 2007, did not name Mr. Vogel as a defendant.  On December 18, 2007, plaintiff moved to amend his complaint to include Mr. Vogel and others as defendants. Plaintiff filed his amended complaint on January 17, 2008.  Mr. Vogel states he was not notified or issued service of the complaint until May 22, 2008.

### Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## **Analysis**

Defendant Vogel asserts that plaintiff's claims against him are barred by the applicable statute of limitations. The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for § 1983 actions. *Id, citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Thus, plaintiff must bring his § 1983 conspiracy claim against the defendant within one year of the accrual of that action.

As stated above, all allegations set forth in plaintiff's amended complaint against Mr. Vogel are alleged to have taken place between August 17, 2006 and October

6, 2006. Mr. Vogel was not added to plaintiff's complaint until January 17, 2008, well over one year after Mr. Vogel's representation of plaintiff ended. Actually, the statute of limitations on plaintiff's claims against Mr. Vogel expired before the filing of his original complaint on October 26, 2007.

It does not matter that plaintiff alleges that Mr. Vogel was part of a conspiracy to violate his rights, as this does not extend the statute of limitations in this case. The allegations in plaintiff's amended complaint lack the requisite material facts and specificity necessary to sustain a conspiracy claim. The allegations contained in plaintiff's amended complaint against Mr. Vogel are as follows:

> 16. Robert Vogel is a citizen of Tennessee. Vogel is sued in his private capacity for his wrongful actions taken in joint participation with the other defendants.
>
> 28. On June 2, 2006, private attorney Robert Vogel, retained by a third party on plaintiff's behalf, filed a notice of appearance in Case No. A6CR0027. Upon Mr. Vogel filing a notice of appearance, Judge Blackwood dismissed the public defender, without notice or hearing. Plaintiff was never informed of the dismissal and did not discover Judge Blackwood's action until some two months had elapsed. On August 3, 2006, Judge Blackwood signed an order dismissing the public defender as appointed counsel. The same order appointed Mr. Vogel as plaintiff's counsel. The order cited an unspecified "conflict of interest" in terminating the public defender.
>
> 29. On August 17, 2006, plaintiff, not aware of the August 3 *ex parte* order, mailed to the trial court a letter expressing dissatisfaction with Mr. Vogel and the public defender. On the afternoon of August 22, Mr. Vogel e-mailed plaintiff. The e-mail's subject line said "Meeting with judge" an the body said that Mr. Vogel had scheduled a "meeting" with Judge Blackwood for September 1. There was no mention in Mr.

> Vogel's e-mail of a motion or hearing to revoke and/or increase plaintiff's bail. No summons was ever issued to plaintiff. . . .
>
> 30. On August 24, the *ex parte* August 3 order that replaced the public defender with Mr. Vogel was filed with the court clerk.
>
> 32. On the afternoon of August 31, plaintiff faxed Judge Blackwood's office informing Judge Blackwood that plaintiff would not be able to attend the September 1 hearing (meeting) because of transportation problems. Plaintiff asked for a continuance. Upon receipt of plaintiff's facsimile, Judge Blackwood called Mr. Vogel and ordered Vogel not to appear on September 1.
>
> 39. On September 27, 2006, plaintiff, *pro se,* sought relief by filing a Rule 10 application for permission to appeal with the Court of Criminal Appeals, Eastern Section, at Knoxville. One of the parties served with the Rule 10 application was Mr. Vogel. On September 28, 2006, Mr. Vogel filed a motion to withdraw as attorney of record. The motion cited plaintiff's Rule 10 application as grounds for withdrawing. Mr. Vogel did not file an Anders brief.
>
> 41. With a hearing, Mr. Vogel's motion to withdraw was granted on October 6, 2006.
>
> 85. Plaintiff alleges that Blackwood, Clark, Corbitt, Loy, Stinnett, Pelizzari, Vogel, Wood, and Halliburton conspired in a general plan to deny plaintiff due process and to illegally imprison plaintiff.

Here, even accepting the allegations in plaintiff's amended complaint against Mr. Vogel as true, they fail to allege a conspiracy between Mr. Vogel and the other defendants to deprive plaintiff of his constitutional rights. Although it is true that private parties jointly engaged with state or local officials in prohibited conduct can be said to act under color of state law, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970), general allegations of cooperation between private individuals and government agencies do not

make out a claim of action taken under color of law.  In particular, the nature of the relationship or cooperation between the state and private parties must be pled in detail. *Glaros v. Perse,* 628 F.2d 679 (1st Cir. 1980); *Colburn v. Upper Darby Township,* 883 F.2d 663 (3rd Cir. 1988).  Conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory language void of the factual allegations necessary to support a conspiracy theory").  The court finds plaintiffs' general conclusory statements that Mr. Vogel was acting under color of law are insufficient as a matter of law, as the court is not required to accept as true conclusory legal statements when determining whether a plaintiff has stated a claim under § 1983.  *See Kottmyer,* 436 F.3d 684, 688 (6th Cir. 2006); *Lillard v. Shelby Co. Bd. of Ed.,* 76 F.3d 716, 726-27 (6th Cir. 1996).  Plaintiff's § 1983 claim must be dismissed for failing to plead facts sufficient to support a § 1983 action. Accordingly, defendant Vogel's motion to dismiss [Docs. 49, 68] is **GRANTED,** and Robert Vogel is **DISMISSED** as a defendant in this action.

    **IT IS SO ORDERED.**

        **ENTER:**
          s/ Thomas W. Phillips
        United States District Judge